

FILED

01/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0120

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0120

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JACOB JON IDLAND,

Defendant and Appellant.

FILED

JAN 17 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Jacob Jon Idland appears as a self-represented litigant and moves this Court to remove counsel in his appeal so he may represent himself. Idland presently has counsel from the Appellate Defender Division (ADD). Idland appeals a January 19, 2022 Sentencing Order, issued in the Sixteenth Judicial District Court, Custer County.

Idland states that he knowingly waives the right to counsel, pursuant to § 46-8-102, MCA. He further states that he "wishes to be represented by himself in which to prepare and file [an] appeal" with this Court. He points out that his counsel has filed six extensions of time to file an opening brief. Idland adds that he contacted the Administrator of the Appellate Defender Division about this motion, and he states that there is no objection.

This Court observes that Idland did not serve a copy of the motion upon counsel with the Appellate Defender Division.

"There is no constitutional right to self-representation on the initial appeal as of right." *Martinez v. Ct. of Appeal*, 528 U.S. 152, 155, 120 S. Ct. 684, 687 (2000) (internal quotation omitted). The United States Supreme Court recognized that "the right of appeal, as we presently know it in criminal cases, is purely a creature of statute. It necessarily follows that the [Sixth] Amendment itself does not provide any basis for finding a right to self-representation on appeal." *Martinez*, 528 U.S. at 160, 120 S. Ct. at 690 (internal citation and quotation marks omitted). The Court pointed out the significant differences between the trial and appellate stages of a criminal proceeding. "By contrast, it is ordinarily

the defendant, rather than the State, who initiates the appellate process, seeking not to fend off the efforts of the State's prosecutor but rather to overturn a finding of guilt made by a judge or a jury below." *Martinez*, 528 U.S. at 162-63, 120 S. Ct. at 691 (internal citation and quotation marks omitted).

The only basis upon which Idland bases his motion to remove appellate counsel is that his court-appointed counsel from the Appellate Defender Division has filed six extensions and is having problems finding contract attorneys to address its backlog. Although Idland "requests to knowingly waive the right to [c]ounsel and . . . represent[] himself," there is no indication that he is "aware of the dangers and disadvantages of self-representation." *City of Missoula v. Fogarty*, 2013 MT 254, ¶ 12, 371 Mont. 513, 309 P.3d 10 (internal citations and quotations omitted). Idland may not immediately appreciate the benefit of the appointment of counsel for his direct appeal, but he is entitled to counsel's representation. Section 46-8-104(1)(d), MCA.

This Court cautions Idland to refrain from filing pleadings on his own behalf while represented by counsel in an appeal. M. R. App. P. 10(1)(c). Accordingly,

IT IS ORDERED that Idland's Motion for Waiver of Counsel is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jacob Jon Idland personally.

DATED this 17ᵗʰ day of January, 2023.

_____
Chief Justice

_____

_____

2

_____

_____
Justices